## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORRAINE KING** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-2708** |
| **WILLIAM R. GOEBEL, ET AL.** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment Regarding Plaintiff's Federal Law Claims filed by defendants, Ronnie C. Harris, Arthur S. Lawson, Jr., and the City of Gretna (Doc. #72) is **GRANTED**, and plaintiff's federal law claims against Harris, Lawson and Gretna are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by defendant, Walgreen Louisiana Company, Inc. (Doc. #73) is **GRANTED**, and plaintiff's federal law claims against Walgreens are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

This case is before the court on motions for summary judgment filed by defendants, Ronnie C. Harris, Arthur S. Lawson, Jr., the City of Gretna and Walgreen Louisiana Company, Inc. The defendant argue that they are entitled to summary judgment on plaintiff's federal law claims against them.

Plaintiff, Lorraine King, filed this suit against Harris, Lawson, Gretna and Walgreens in the United States District Court for the Eastern District of Louisiana pursuant to 42 U.S.C. § 1983, alleging that they violated her rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments

to the Constitution of the United States, and committed various Louisiana state law torts against her.[1] King sued Lawson in his individual and official capacities as the Chief of the Gretna Police Department, and sued Harris in his official capacity as the Mayor of Gretna.

On July 19, 2010, King, an African American female, went to the Walgreens store 89 Westbank Expressway in Gretna, Louisiana.  While King was in the parking lot, she observed police officers arresting two black people.  As King watched the police activity, Goebel, an off-duty Gretna police officer who was working a paid private security detail for Walgreens, approached King and told her to leave the Walgreens.  King left the Walgreens.[2]

Later that day, King returned to the Walgreens and requested to speak with a manager regarding the her earlier interaction with Goebel.  King alleges that the manager, followed by Goebel, approached her from the back of the store, and that as they approached, Goebel began "verbally assaulting" and "physically attacking" her.  King alleges that Goebel then "dragged [her] by her shirt collar from the premises through the front door, shocking [her], and then slammed [her] against a police vehicle, causing further injuries."  King alleges Goebel "critically injured" her. King claims that Goebel was acting under the color of state law as a dual employee of the City of Gretna and Walgreens.  King claims that the Walgreens manager witnessed Goebel's actions, knew that she had done nothing wrong, and did not intervene or attempt to stop Goebel.

---

[1]  King also sued Officer William R. Goebel of the Gretna Police Department.  On October 19, 2011, King's claims against Goebel were dismissed without prejudice due to her failure to timely serve him.

[2]  This first interaction between King and Goebel is not alleged in the complaint.  The information was obtained from King's deposition.

King claims that sometime after Goebel "dragged her from the store and further assaulted" her, that two other Gretna Police Officers arrived on the scene. These officers removed her handcuffs and told her to report the incident at the police station. Meanwhile, Goebel issued a misdemeanor summons to King for interfering with a police investigation and remaining after being forbidden.

King reported the incident at the Gretna police station. There was an internal investigation into Goebel's actions, and the charges against King were dropped. On August 11, 2010, King filed this lawsuit seeking damages under federal constitutional law and Louisiana tort law.

## ANALYSIS

### A.    Summary Judgment Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.      42 U.S.C. § 1983**

Section 1983 provides a remedy against "every person," who under color of state law, deprives another of any rights secured by the Constitution and laws of the United States. 42 U.S.C. §1983; Monell v. Dep't of Soc. Servs., 98 S.Ct. 2018 (1978).   Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere. Olabisiomotosho v. City of Hous., 185 F.3d 521, 525 n. 3 (5th Cir. 1999).

To pursue a claim under section 1983, plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States, and; (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. Sw. Bell Tel., LP v. City of Hous., 529 F.3d 257, 260 (5th Cir. 2008); see also West v. Atkins, 108 S.Ct. 2250, 2255-54 (1988).

**1.   King's Individual Capacity Claims Against Lawson**

King alleges that Lawson is liable for Goebel's actions in his individual capacity.  However, King has failed to state a proper claim against Lawson in his individual capacity.  "Plaintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation.  This standard requires more than constitutional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citations omitted).  Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  Here, King makes no factual allegations against Lawson, and has not alleged that he was in any way personally involved in the events giving rise to her claims.  Therefore, King has not properly stated an individual capacity claim against Lawson, and any such claim is DISMISSED WITH PREJUDICE.

### 2.   King's Claims Against Gretna, and Lawson and Harris in Their Official Capacities

A suit against Lawson and Harris in their official capacities is in essence a suit against the City of Gretna.  Woodard v. Andrus, 419 F.3d 348, 352 (5th Cir. 2005) (citing Monell v. Dep't of Soc. Serv., 98 S.Ct. 2018, 2035 n.55 (1978)).  A local governmental body is liable for damages under §1983 for constitutional violations resulting from official city policy.  See Monell, 98 S.Ct. at 2035-36.  A municipality or government body cannot be held vicariously liable under §1983 for the constitutional torts of its employees or agents.  Id. at 2037.  Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability. Piotrowski v. City of Hous., 237 F.3d 567, 578 (5th Cir. 2001).  To establish liability for a constitutional violation against the governmental bodies, the plaintiff must prove three elements: (1) a policy maker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom.  Monell, 98 S.Ct. at 2037.

The "policy maker" prong is satisfied if actual or constructive knowledge of a policy is attributable to the municipality's governing body or to an official to whom the municipality has delegated policy making authority.  Webster v. City of Hous., 735 F.2d 838, 842 (5th Cir. 1984) (en banc).  Presumptive policymakers for the police include the mayor, the city counsel and the chief of police. Id.

The "official policy" prong requires that the deprivation of constitutional rights be inflicted pursuant to an official custom or policy.  "Official policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations." Piotrowski, 237 F.3d at 579.   However, a policy may also be a custom that is " . . . a persistent, widespread practice of City officials or employees, which,

5

although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy . . ." Id. (quoting Webster, 735 F.2d at 841).

To satisfy the "moving force" prong, the plaintiff must show culpability and causation. A municipality is culpable under §1983 if: (1) the official policy is unconstitutional; or (2) if the official policy was "promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." Id. (quoting Bd. of Comm'rs of Bryan Cnty., Okla. v. Brown, 117 S.Ct. 1382, 1389 (1997)). "Deliberate indifference of this sort is a stringent test, and 'a showing of simple or even heightened negligence will not suffice' to prove municipal culpability." Id. (quoting Bryan Cnty., 117 S.Ct. at 1389). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference . . ." Alton v. Tex. A & M Univ., 168 F.3d 196, 201 (5th Cir. 1999). "For an official to act with deliberate indifference, the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." City of Canton v. Harris, 109 S.Ct. 1197, 1204. Generally, proving deliberate indifference requires proving a pattern of violations. Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003) (quoting Thompson v. Upsher Cnty., 245 F.3d 447, 459 (5th Cir. 2001)).

King asserted claims against policy makers for the police department, Lawson, the Chief of Police, and Harris, the Mayor of Gretna. However, King did not allege an official custom or policy that resulted in Goebel's actions, or that an official policy or custom was the "moving force" behind the alleged depravation of her constitutional rights. Instead, King alleges that Goebel's actions are "imputed" to Lawson, Harris, and Gretna. A municipality or government body cannot be held

vicariously liable under §1983 for the constitutional torts of its employees or agents.  Monell, 98 S.Ct. at 2037.  Therefore, King's claims against Gretna, and Lawson and Harris in their official capacities are DISMISSED WITH PREJUDICE.

### 3.  King's §1983 Claims Against Walgreens

Walgreens is a private defendant, not a state actor.  For a plaintiff to state a viable claim under §1983 against a private defendant, "the conduct of the private defendant that forms the basis of the  claimed constitutional deprivation must constitute state action under color of law." Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 747 (5th Cir. 2001) (citing Lugar v. Edmondson Oil Co., Inc., 102 S.Ct. 2744  (1982)).  "The focus of the inquiry into whether a private actor can be subjected to constitutional liability is whether 'such a close nexus between the State and the challenged action' exists 'that seemingly private behavior may be fairly treated as that of the State itself.'" Id. at 747-48 (citing Brentwood Acad. v. Tenn. Secondary Schl. Athletic Assoc., 121 S.Ct. 924 (2001)).

In Morris, 277 F.3d at 748, the United States Court of Appeals for the Fifth Circuit considered when §1983 liability can be imposed on a merchant that employs an off-duty police officer as a security guard, and that officer detains, searches or arrests a customer of his private employer subsequent to a report of suspicion made by another employee.  The court held that a merchant will not be subject to §1983 liability, "unless an officer has failed to perform independent investigation, and that evidence of a proper investigation may include such indicators as an officer's interview of an employee, independent observation of a subject, and the officer writing his own report." Id. at 750.

In this case, King does not allege any involvement by any Walgreens employee in Goebel's actions that led to her arrest.  Instead, King alleges that Goebel acted on his own, and that the Walgreens manager failed to intervene in Goebel's actions when the manager "knew [King] had done nothing to warrant the attack." At her deposition, King testified that, as Goebel was yelling at her and dragging her out of the store, the manager did not do anything.  King testified that she thinks the manager should have asked what she and done, why she was being arrested and why Goebel was "handling her like that." Also, the Christina Clark, the Walgreens manager on duty at the time of the incident, told the Gretna Police Department that the incident seemed like a misunderstanding, and that Goebel told her King's arrested arose out of the incident that happened earlier in the parking lot when King was observing the police investigation.  Further, Chanel Thompson, the Walgreens cashier, told the Gretna Police Department that, when she called Clark to the front of the store, Gobel, who was in line, "slammed his drink down," yelled and King, "then he got in her face," "pointed his finger a her," and "he pulled out his cuffs and grabbed her arm and arrested her." King's allegations and testimony and the Walgreens' employees statements fail to demonstrate a claim for §1983 liability against Walgreens because Goebel clearly did not act at the direction of another Walgreens employee.  Therefore, King's §1983 claims against Walgreens are DISMISSED WITH PREJUDICE.

## C.      State Law Claims

King filed Louisiana state law claims against the defendants.  Because King's federal claims have been dismissed, it is appropriate for the court to decline to exercise supplemental jurisdiction over her state law claims.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . .  if . . . the district court has dismissed all claims over

which it has original jurisdiction."); see also Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5 th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). Accordingly, King's state law claims are DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment Regarding Plaintiff's Federal Law Claims filed by defendants, Ronnie C. Harris, Arthur S. Lawson, Jr., and the City of Gretna (Doc. #72) is **GRANTED**, and plaintiff's federal law claims against Harris, Lawson and Gretna are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by defendant, Walgreen Louisiana Company, Inc. (Doc. #73) is **GRANTED**, and plaintiff's federal law claims against Walgreens are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this  13th  day of December, 2012.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

9